IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OTIS R. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:12-CV-00234 |
| | ) | |
| CARROLL COUNTY PUBLIC | ) | |
| SERVICE AUTHORITY, | ) | |
| and | ) | |
| RAY E. HILL | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF THEIR MOTION TO DISMISS

Defendants Carroll County Public Service Authority and Ray E. Hill ("defendants")

move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss

plaintiff's complaint asserting a claim under the Americans with Disabilities Act (the "ADA").

As discussed more fully below, the complaint does not assert a claim upon which relief

can be granted.  Plaintiff's ADA claim as to both defendants is time-barred, because plaintiff did

not file his charge with the Equal Employment Opportunity Commission ("EEOC") within 180

days of the alleged unlawful employment practice.  Additionally, plaintiff's ADA claim against

Mr. Hill must be dismissed, because the ADA does not authorize a claim against persons in their

individual capacities.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2012, plaintiff filed a handwritten, three-paragraph complaint that purports

to allege an ADA claim against defendants.  The complaint was served on both defendants on

May 29, 2012. The complaint itself provides virtually no information about plaintiff's claim, however, attached to the complaint are 21 pages of related documentation. *All* of the following facts are drawn from the documentation attached to plaintiff's pleading.

During 2009, plaintiff was employed by the Carroll County Public Service Authority (the "PSA") as a Maintenance Technician I, which required him to have a Commercial Driver's License (CDL). (EEOC Charge). Plaintiff asserts that he has been legally blind in one eye since 2001 and is required to undergo additional testing to obtain a medical waiver from the Virginia Department of Motor Vehicles every two years to maintain his CDL. (EEOC Intake Questionnaire ¶¶ 5-6). Plaintiff asserts that he requested but was denied financial assistance from his employer to pay for the DMV testing. (EEOC Charge). Plaintiff further asserts that he was unable to renew his CDL and, by letter dated September 16, 2009, advised the PSA's executive director he was resigning as of February 1, 2010. (9/16/09 Letter from O. Wright to G. Larrowe). By return letter dated September 16, 2009, the PSA's executive director accepted plaintiff's resignation effective February 1, 2010. (9/16/09 Letter from G. Larrowe to O. Wright).

On August 16, 2010, 196 days after his February 1, 2010 resignation, plaintiff first contacted the EEOC. (8/17/10 EEOC Letter to O. Wright). Plaintiff subsequently completed an intake questionnaire, and an EEOC charge was prepared based on that questionnaire. On March 2, 2012, the EEOC sent plaintiff a Dismissal and Notice of Rights letter, notifying plaintiff that the EEOC was closing its file because his "charge was not timely filed with the EEOC; in other words, you waited too long after the date of the alleged discrimination to file your charge." (3/2/12 EEOC Dismissal Letter). This complaint followed.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint.[1]  Presley v. City of

Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006).  A court considering a Rule 12(b)(6) motion

must construe the facts in the light most favorable to the plaintiff, Mylan Labs, Inc. v. Matkari, 7

F.3d 1130, 1134 (4th Cir. 1993), limiting its inquiry to the facts alleged in the complaint,

documents attached to or incorporated by reference in the complaint, and matters suitable for

judicial notice.  Where plaintiff has relied upon documents in his complaint, those documents are

considered integral to the complaint and their contents may be considered even if not formally

incorporated by reference.  Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 n.5

(4th Cir. 2002).  Furthermore, "[i]n deciding whether a complaint will survive a motion to

dismiss, a court will evaluate the complaint in its entirety, as well as documents attached or

incorporated into the complaint."  E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc., 637

F.3d 435, 448 (4th Cir. 2011); see also Gregory v. Daly, 243 F.3d 687, 691 (2nd Cir. 2001) ("[W]e

include in this analysis not only the assertions made within the four corners of the complaint

itself, but also those contained in documents attached to the pleadings or in documents

incorporated by reference.").   Here, plaintiff's EEOC charge, his intake questionnaire, the

correspondence he received from the EEOC, as well as the other documents he attached to his

complaint, may properly be considered by this Court in ruling on this 12(b)(6) motion.

---

[1]  Defendants note that plaintiff's complaint falls woefully short of satisfying federal notice-pleading requirements whereby the facts pled must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Even construing plaintiff's *pro se* complaint as liberally as possible, the complaint does not allege sufficient facts to state a claim for relief that is "plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

<u>ARGUMENT AND CITATION OF AUTHORITIES</u>

A.      **PLAINTIFF'S ADA CLAIM IS TIME-BARRED.**

Plaintiff resigned from the PSA effective February 1, 2010.  He did not contact the EEOC

until August 16, 2010, 196 days later.  The ADA's enforcement provision, 42 U.S.C. §12117(a),

adopts Title VII's requirements for timely filing of charges with the EEOC.  Title VII, in turn,

states that a charge shall be filed within 180 days after the alleged unlawful employment practice

occurred, except where the aggrieved party has initially instituted proceedings with a state or

local agency with authority to grant relief from such practice (like the Virginia Council on

Human Rights) the charge may be filed with the EEOC within 300 days after the alleged

unlawful employment practice occurred.  42 U.S.C. 2000e-5(e).  Plaintiff did not initially

institute proceedings with the Virginia Council on Human Rights, so the 180-day rule applies.

The Fourth Circuit has characterized the 180-day rule as a "statute of limitations" with respect to

ADA claims.  <u>McCullough v. Branch Banking & Trust Co.</u>, 35 F.3d 127, 131 (4th Cir. 1994).

"When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the

complaint is time-barred in federal court."  <u>Id</u>. (citations omitted).  Plaintiff's ADA claim is thus

time-barred for failure to comply with the 180-day rule.

B.      **UNDER THE ADA, PLAINTIFF CANNOT SUE MR. HILL IN HIS
         INDIVIDUAL CAPACITY.**

In addition to the Carroll County PSA, plaintiff has named Ray Hill as a defendant in this

ADA lawsuit.  Upon information and belief, Mr. Hill is the former operations director for the

PSA.  (<u>See</u> 6/29/01 Letter from R. Hill to O. Wright, attached to Compl.).  The Fourth Circuit

has held that, as with Title VII claims, persons may not be sued under the ADA in their

individual capacities.  <u>Baird ex rel. Baird v. Rose</u>, 192 F.3d 462, 471-72 (4th Cir. 1999).  As

Chief Judge Conrad recently opined in granting a 12(b)(6) motion to dismiss ADA claims

4

against individual defendants, "It is well-established that individual employees are not subject to

liability under the ADA, and that only employers may be held liable under this statute."  Silvious

v. RR Donnelley & Sons, 2011 WL 643155, at *1 (W.D. Va. Feb. 10, 2011) (Conrad, J.).

Accordingly, plaintiff's ADA claim against Mr. Hill must be dismissed.


                                    CARROLL COUNTY PUBLIC SERVICE AUTHORITY
                                    and RAY E. HILL


                                    By /s/ Jim H. Guynn, Jr.
                                    Jim H. Guynn, Jr.
                                    Virginia Bar Number 22299
                                    Evans G. Edwards
                                    Virginia Bar Number 79588
                                    Attorneys for Defendants Carroll County Public Service
                                    Authority and Ray E. Hill
                                    Guynn, Memmer & Dillon, P.C.
                                    415 S. College Avenue
                                    Salem, Virginia  24153
                                    Phone: 540-387-2320
                                    Fax:    540-389-2350
                                    Email: jim.guynn@gmdlawfirm.com
                                            evans.edwards@gmdlawfirm.com


                        CERTIFICATE OF SERVICE

        I do hereby certify that on this 18th day of June, 2012, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I have

mailed by United States Postal Service the document to the following non-CM/ECF participant:

Otis R. Wright
1847 Sleepy Hollow Road
Woodlawn, Virginia 24381


                                    By /s/ Jim H. Guynn, Jr.
                                    Jim H. Guynn, Jr.

Virginia Bar Number 22299
Evans G. Edwards
Virginia Bar Number 79588
Attorneys for Defendants Carroll County Public Service
Authority and Ray E. Hill
Guynn, Memmer & Dillon, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jim.guynn@gmdlawfirm.com
          evans.edwards@gmdlawfirm.com