CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 07 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OTIS R. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:12-cv-00234 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CARROLL COUNTY PUBLIC ) | By: James C. Turk |
| SERVICE AUTHORITY, ) | Senior United States District Judge |
| and ) | |
| RAY E. HILL, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 3). The Clerk issued a Roseboro notice to the *pro se* Plaintiff, and Plaintiff has filed a response. A hearing was held on August 2, 2012, and the matter is now ripe for disposition. For the reasons stated below, Defendants' Motion is **GRANTED**.

## I. Factual and Procedural Background

The following facts are derived from Plaintiff's Complaint and the attachments thereto. In September 2009, Otis R. Wright ("Wright") held the position of Construction/Maintenance Technician I ("Maintenance Technician") at the Carroll County Public Service Authority ("PSA"). Wright began working for the PSA as a Water/Wastewater Trainee on November 1, 1995, and was eventually promoted to the Maintenance Technician position. As a Maintenance Technician, Wright was required to hold a Commercial Driver's License ("CDL"). On April 5, 2001, Wright was terminated for insubordination and walking off the job. On April 10, 2001, he filed a grievance with the PSA Board of Directors, disputing his supervisor's characterization of

1

his conduct, claiming he was disciplined for pointing out a safety issue, and requesting that he be reinstated. On June 29, 2001, Defendant Ray E. Hill, then the PSA's Director of Operations, reinstated Wright to his former position.

On October 13, 2001, Plaintiff became legally blind in one eye. Due to this disability, Plaintiff had to obtain a medical waiver to maintain his CDL, which required him to take an additional test from the Virginia Department of Motor Vehicles every two years. PSA did not offer Plaintiff a pay increase or any other additional financial support to assist him with the additional costs related to maintaining his CDL. In spite of the fact that such assistance had been offered to other employees in the past, Gary Larrowe, PSA's Executive Director, told Plaintiff that PSA did not offer such assistance.On September 19, 2010, Plaintiff sent Larrowe a letter tendering his resignation from the PSA effective February 1, 2010. According to the letter, Plaintiff resigned because his CDL was going to expire in February 2010, and he was not going to be able to obtain a new one. Larrowe accepted this resignation via return latter dated September 16, 2009.

On August 16, 2010, Wright contacted the Equal Employment Opportunity Commission ("EEOC"). Wright then completed an intake questionnaire, complaining that the PSA refused to assist him with the additional expenses relating to the maintenance of his CDL. After conducting an investigation, the EEOC sent Wright a Dismissal and Notice of Rights letter ("Right to Sue letter") on March 2, 2012 The Right to Sue letter notified Wright that the EEOC was closing his file because his charge "was not timely filed with EEOC." Wright then timely filed this action, alleging that "Defendant knowing [sic] and planned retaliation against [Plaintiff] and used a disability to force [him] to sign a resignation giving up [his] position and job." He seeks lost wages, expenses, and the reinstatement of his healthcare coverage. In particular, he seeks

$40,000 a year in wages, plus health care coverage for 18 years plus retirement thereafter. Defendants have responded with the instant Motion to Dismiss, arguing that (1) Plaintiff's claim is time-barred; and (2) Hill is an improper Defendant.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). A complaint must include a short and plain statement of the claim(s) under which the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Under the notice pleading standard employed by the federal courts, the complaint need only "give the defendant notice of what the claim is . . . and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to survive a motion to dismiss, however, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In particular, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). While the Court is obligated to accept as true all of the complaint's well-pled factual allegations and take the facts in the light most favorable to the plaintiff, Adock v. Freightliner, LLC, 550 F.3d 369, 374 (4th Cir. 2008), it will not give the same reverence to "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, 591 F.3d at 255 (quoting Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009)). Finally, where, as here, a party is proceeding *pro se*, that party's pleadings will be construed liberally. *See generally* Haines v. Kerner, 404 U.S. 519 (1972).

### III. <u>Discussion</u>

Liberally construed, Wright's complaint states a claim for failure to accommodate his disability under the Americans with Disabilities Act ("ADA"). Defendants argue that the instant action is time-barred because he waited too long to contact the EEOC. Before the commencement of a civil action for violation of the ADA, a putative plaintiff must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. §2000e-5(e).[1] *See also* 42 U.S.C. § 12117(a) (adopting Title VII enforcement provisions for ADA claims). Where a "plaintiff fails to file such a complaint in a timely fashion with the EEOC, the complaint is time-barred in federal court." McCollough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) (citing Butts v. N.Y. Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)). Here, the last possible unlawful employment practice could have occurred on February 1, 2010, the effective date of Plaintiff's resignation from the PSA. But Wright did not contact the EEOC until August 16, 2010, 196 days after that date.[2] Wright failed to contact the EEOC within the statutorily-mandated period, and the Court must therefore dismiss his Complaint. Having so concluded, the Court need not reach Hill's argument as to the propriety of naming an individual as a Defendant in an ADA action.

---

[1] This period is extended to 300 days where the charge has first been filed with a "State or local agency with authority to grant or seek relief from such [discriminatory] practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1). The United States Court of Appeals for the Fourth Circuit has held that the Virginia Council on Human Rights qualifies as such an agency. Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 440 (4th Cir. 1998). However, here, there is neither evidence nor allegation that Plaintiff first filed a charge with the Virginia Council on Human Rights or any other state agency. Thus, the 180-day period governs.

[2] At oral argument, Plaintiff appeared to argue that he was being retaliated against because of the safety concerns he raised in his letter to the PSA Board of Directors dated April 10, 2001. Even if Plaintiff could make out an ADA retaliation claim, that claim would still require dismissal because the same time limitations would apply. *See* 42 U.S.C. § 12203(c) (same remedies and procedures available to person who claims retaliation as one who claims direct discrimination).

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED**. An appropriate Order shall issue this day.

ENTER: This 7th day of August, 2012.

/s/ James C. Turk
Senior United States District Judge